

Scott N. Hunt, OSB #92343
shunt@busseandhunt.com
R. Kyle Busse, OSB #07099
kbusse@busseandhunt.com
BUSSE & HUNT
521 American Bank Building
621 SW Morrison Street
Portland, Oregon 97205
Telephone: (503) 248-0504
Facsimile: (503) 248-2131

Of Attorneys for Plaintiff

FILED'07 NOV 13 10:49USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MOLLY MOSSMAN,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, d/b/a THE HOME DEPOT,<br><br>Defendant. | Case No. CV'07-1689-AA<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br>(Wrongful Constructive Discharge; Sex Discrimination/Retaliation; Intentional Infliction of Emotional Distress) |

Plaintiff alleges:

## I.

## JURISDICTION AND VENUE

1. This is an action for sex discrimination and retaliation under federal and state law, for wrongful constructive discharge under state law, and intentional infliction of severe emotional distress under state law. This court has federal question jurisdiction over the federal claim pursuant to 42 U.S.C. § 1331, and supplemental jurisdiction over the state

1 - COMPLAINT AND DEMAND FOR JURY TRIAL



claims, pursuant to 42 U.S.C. § 1367.

2. The acts and omission alleged herein were committed in the state of Oregon.

## II.

## PARTIES

3. Plaintiff is a female resident of the state of Oregon and is a lesbian. As a lesbian she primarily associates with other females.

4. Defendant is a Delaware corporation registered to do business in Oregon as The Home Depot. At all material times Defendant acted through agents and employees acting within the course and scope of their employment for Defendant.

## III.

## ADMINISTRATIVE EXHAUSTION

5. This Compliant was filed before the expiration of ninety days after issuance of a right-to-sue letter by the appropriate administrative agency.

## IV.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### (Wrongful Constructive Termination)

6. Plaintiff was employed by Defendant at its Albany, Oregon store from January 1, 2006 until January 14, 2007 when she gave notice of her resignation.

7. Throughout Plaintiff's employment, Defendant and co-workers had knowledge of her sexual orientation.

2 - COMPLAINT AND DEMAND FOR JURY TRIAL

8. Prior to her resignation, Plaintiff had objected to Defendant about what she believed in good faith to be a gender biased hostile work environment and/or on-going hostility and/or harassment due to her gender and/or sexual orientation.

9. Prior to her resignation, Plaintiff informed Defendant that she had contacted the Oregon Bureau of Labor and Industries (BOLI) about the discrimination, harassment and hostile work environment. In October 2006, Plaintiff filed a formal civil rights complaint with the BOLI, alleging an unlawful employment practice on the basis of her sex in that Defendant subjected her to different terms and conditions of employment because of the gender of the persons with whom she associates. Prior to her resignation, Defendant had knowledge of her civil rights complaint filed with the BOLI.

10. Because of Plaintiff's objections to Defendant as alleged in paragraphs 8 and 9, and/or her filing a civil rights complaint with the BOLI, Defendant maintained intolerable working conditions with the intent that Plaintiff resign, and/or with knowledge that if they continued it would be substantially certain that she would resign. As a result thereof she did resign.

11. As a result of Defendant's acts Plaintiff has suffered and continues to suffer emotional distress in an amount to be proven at trial, which sum is alleged to be $500,000.

12. As a further result of Defendant's acts, Plaintiff has suffered and will suffer economic loss in an amount to be proven at trial, which sum is alleged to be $300,000.

13. Defendant's conduct demonstrated a reckless and outrageous indifference to a reasonable risk of harm to Plaintiff, or a conscious indifference to her health and/or welfare, and Defendant should be assessed punitive damages in an amount to be set by a jury, which

sum is alleged to be $1,000,000.

## SECOND CLAIM FOR RELIEF

### (Sex Discrimination/Retaliation - ORS chapter 659A)

14. Plaintiff realleges paragraphs 1 through 10 and 12.

15. Defendant discriminated against Plaintiff on account of her sex and/or sexual orientation and/or retaliated against Plaintiff due to her complaining about and/or reporting gender discrimination harassment, and/or a hostile work environment in one or more of the following ways:

    (a)    by subjecting Plaintiff to a gender biased hostile work environment;

    (b)    by failing to take immediate and effective remedial action in response to Plaintiff's complaint(s);

    (c)    by retaliating against her:

        (i)    by subjecting her to belittling comments;

        (ii)    by escalating her harassment in lengthy private meetings;

        (iii)    by interfering with her work performance;

        (iv)    by preventing her from interacting with her department;

        (v)    by berating her, often in public;

        (vi)    by subjecting her to increasingly hostile comments;

        (vii)    by threatening her with a demotion to a lesser position (cashier) with decreased hours;

        (viii)    by refusing to transfer her to vacant and available position(s)

          which would have resulted in decreased interaction with the primary harassers;

(ix)    by disciplining her for an unwarranted and/or fabricated and/or discriminatory reason;

(x)    by auditing her performance an inordinate number of times;

(xi)    by disciplining her on December 8, 2006 multiple times for matters stretching over a two month period, without prior comment on or warning about any of the alleged incidents;

(xii)    by giving her a final discipline notice on January 4, 2007 and informing her that her next infraction, no matter how minor, would result in her immediate termination;

(xiii)    by constructively discharging her; and/or

(xiv)    by terminating her employment immediately upon her giving a two week notice of her resignation.

16.    Plaintiff is entitled to an award of reasonable attorneys' and expert witness fees pursuant to ORS 659A.885 and 20.107, respectively.

### THIRD CLAIM FOR RELIEF

(Sex Discrimination/Retaliation - Title VII)

17.    Plaintiff realleges paragraphs 1 through 12 and 15.

18.    Plaintiff was discriminated against by Defendant as alleged in paragraph 15 above on account of her gender in that she did not conform to gender stereotypes and/or because of the gender of the persons with whom she associates, and/or was retaliated against

5 - COMPLAINT AND DEMAND FOR JURY TRIAL

by Defendant as alleged in paragraph 15 above for opposing and/or reporting that discrimination.

19.   Defendant acted with malice or reckless indifference to Plaintiff's rights under federal law and Defendant should be assessed punitive damages in an amount to be set by a jury, which amount is alleged to be $300,000.

20.   Plaintiff is entitled to reasonable attorneys and expert witness fees pursuant to 42 U.S.C. § 2000e, *et seq.*

### FOURTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

21.   Plaintiff realleges paragraphs 1 through 4, 6 through 13, 15 and 18.

22.   During Plaintiff's employment, on a continuing basis from soon after her employment began, Defendant deliberately engaged in conduct that was either (a) designed to inflict severe emotional distress on Plaintiff, or (b) committed with knowledge that it was substantially certain Plaintiff would suffer severe emotional distress by subjecting Plaintiff to outrageous conduct which included:

    (a)   yelling at her in front of co-workers or in private;

    (b)   throwing papers at her;

    (c)   threatening her with discipline, when she was following Defendant's procedures;

    (d)   getting "in her face" and bullying her in front of co-workers in order to humiliate her and/or "brow beat" her into submission to a supervisor's will;

6 - COMPLAINT AND DEMAND FOR JURY TRIAL

(e) humiliating her in front of co-workers, which included but was not limited to interrupting her conversations with co-workers;

(f) permitting co-workers to make disparaging remarks about her sexual orientation;

(g) creating and/or condoning intense hostility and harassment primarily by a "key carrying" department supervisor and her friends;

(h) berating her and subjecting her to increasingly hostile comments;

(i) engaging in a malicious on-going course of conduct, as alleged in paragraph 15 above, in order to compel Plaintiff to resign;

(j) refusing to transfer her out of the hostile work environment despite her repeated requests and numerous reports of that hostile work environment;

(k) giving her a "final discipline" and threatening her with termination for any further infraction no matter how small;

(l) permitting said conduct to occur despite her repeated complaints to management and/or to human resources.

(m) allowing said conduct to continue despite its knowledge that it was causing her to suffer emotional distress; and/or

(n) allowing said conduct to continue to the point it was no longer tolerable, thereby causing her to resign on or about January 14, 2007.

23. Said conduct was outrageous and beyond the realm of social toleration.

24. As a result of said conduct Plaintiff suffered severe emotional distress.

7 - COMPLAINT AND DEMAND FOR JURY TRIAL

## V.

## JURY DEMAND

25.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment as alleged in each claim stated above.

Dated this 13th day of November, 2007.

                             BUSSE & HUNT

                             SCOTT N. HUNT, OSB #92343
                             *shunt@busseandhunt.com*
                             Telephone: (503) 248-0504
                             Facsimile: (503) 248-2131
                             Of Attorneys for Plaintiff Molly Mossman

                             TRIAL ATTORNEY:
                             SCOTT N. HUNT, OSB #92343

P:\WPDOCS\MOSSMAN\COMPLAINT.wpd